UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| THE INSPIRATIONAL NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-CV-110 |
| | ) | |
| vs. | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| TMH TELEMEDIA SERVICES LIMITED and | ) | |
| TMH TELEMEDIA SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The discovery sought from the parties may include confidential and proprietary documents and information including, but not limited to, customer lists, negotiations with clients, and financial data. Even an inadvertent disclosure of such information could potentially gravely affect a party's present strategic and competitive advantage.

It appears that the parties have need for a Protective Order for identifying, protecting and restricting the publication and use of confidential information, documents and testimony produced in discovery in this matter. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1. All Classified Information, as defined below, produced or exchanged in the course of this litigation shall be used solely for the purpose of the prosecution, defense, settlement or trial of this action, and shall not be used by the receiving party for any other purpose whatsoever, including, without limitation, any business or commercial use, and shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Order.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by the supplying party. In connection with discovery proceedings in this action, a party may designate any document, record, thing, or other material, produced by that party, containing confidential information as "Confidential" including, but not limited to, any documents, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas *duces tecum,* and requests for admission, and any other information or material produced pursuant to the rules of civil procedure applicable in this action. Confidential information concerning a party produced in response to a third party subpoena may be similarly designated by that party.

3.     All materials designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be treated as Classified Information as set forth in this Order.

4.     In designating information as "Confidential," the designating party will make such designation only as to that information or material that it in good faith believes constitutes or contains non-public, personal, proprietary, or confidential information that is treated by the proprietor thereof as such information, including but not limited to business, financial, research, development or other commercial information that the designating party believes in good faith requires the protections of this Order.

Nothing shall be designated as "Confidential" information if it is information that:

(a)     is in the public domain at the time of disclosure, as evidenced by a written document; or

(b)     becomes part of the public domain through no fault or action by the receiving party, as evidenced by a written document; or

(c)     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

However, if any Classified Information becomes "publicly available" as the result of a breach or violation of this Order, or as the result of some other improper or inadvertent conduct, the parties shall nonetheless continue to treat such information as designated under this Order.

5.     Classified Information being produced to a party in discovery shall be so designated by stamping or otherwise marking copies of the material with the legend "Confidential."  Stamping or marking the legend "Confidential" on the cover of any multi-page document (except depositions or responses to interrogatories, responses to requests for admissions and similar discovery responses) shall designate all pages of the document as "Confidential" unless otherwise indicated by the producing party.  Designations of deposition testimony shall be governed by Paragraph 7.  Designations of subpoenaed materials shall be governed by Paragraph 8.  With respect to designations for interrogatory responses and responses to requests for admission, the responding party shall state, in the body of the discrete discovery response being designated, that it contains Classified Information.  Only those discrete interrogatory responses and responses to requests for admission specifically designated as "Confidential" in this action shall be deemed Classified Information.

CH-3013897 v2

6. The producing party shall designate any Classified Information or material as "Confidential" at the time of producing such information. Nevertheless, inadvertent production of any information that has not been designated as "Confidential" pursuant to this Order shall not waive a party's opportunity to claim that such information is confidential, nor shall the party be stopped from later designating such information as "Confidential," if within ten (10) business days after actually discovering that such inadvertent production was made, the party designates the material as "Confidential" Prior disclosure of such information by other parties shall not be considered a violation of this Order.

7. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such depositions as "Confidential" by notifying all of the parties in writing within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. All deposition transcripts shall be treated as "Confidential" for the ten (10) business day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision.

Nothing in this provision waives the right of any party or party representative to be present during depositions.

8. In the event counsel for any party receives confidential information concerning the opposing party produced directly from a third party in response to subpoena, counsel for the receiving party shall promptly turn over a copy of such information, without redaction unless subject to the attorney-client privilege or the attorney work product doctrine, to opposing counsel, and will treat such information as "Confidential" until opposing counsel has had reasonable opportunity to review the information and to designate all or any part of the information as "Confidential."

9. Information or materials designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than those Qualified Persons set forth below:

(a) the Court and its officers;

(b) court reporters engaged in this litigation;

(c) attorneys of record for the parties in this litigation (i.e., outside counsel only), personnel of counsels' respective law firms, including paralegals, legal assistants, and litigation support services;

(d) third parties engaged in the business of providing copy services (e.g., Kinko's), solely for the purpose of copying;

CH-3013897 v2

(e)        actual or potential independent technical experts or consultants, who are not parties to this action or employees of parties to this actions;

(f)        the receiving party or party representatives;

(g)        mediators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties; and

(h)        if the Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

If any Classified Information is to be disclosed to any third parties, including experts under subparagraph 9(e), such person must first be provided a copy of this Order and must agree in writing to be bound by its terms prior to gaining access to any Classified Information, by executing a copy of the Nondisclosure Agreement in the form attached as Appendix A. The outside counsel for the party who has disclosed Classified Information to any third party will maintain all such written acknowledgements. Pursuant to this Order and the Nondisclosure Agreement, all such persons shall be bound by the terms of this Order, and shall not disclose or permit disclosure of the Classified Information thus received, other than pursuant to the terms of this Order. This written acknowledgement requirement does not apply to disclosures made pursuant to subparagraphs 9(a), 9(b) and 9(d).

10.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

11.     Each Qualified Person to whom Classified Information is to be furnished, shown, or disclosed shall use said Classified Information solely for the purpose of this litigation and shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Order.

12.     Documents falling under the protection of the attorney-client privilege, attorney work-product doctrine, or the accountant-client privilege which are inadvertently disclosed to an opposing party shall be immediately returned to the disclosing party. The opposing party shall immediately destroy all copies of the inadvertently disclosed documents. Any such document shall be regarded as not having been produced, and its inadvertent production shall not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity.

13.     Notwithstanding anything to the contrary herein, nothing in this Order shall restrict a party's ability to use or disclose its own documents or proprietary information. Nothing herein shall prevent disclosure and use of information beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure and use or, if the Court, after notice to all affected parties, authorizes such additional disclosures.

CH-3013897 v2

14.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude or prejudice a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may apply to the Court by motion for a ruling that the information shall not be treated as designated by the producing party or other relief.  The burden of proof shall be with the party asserting the confidentiality of the document.  Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Order.

15.     The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

16.     If Classified Information, including any portion of a deposition transcript designated as "Confidential," is included in or with any papers to be filed in Court, such Classified Information shall be filed under seal and shall be labeled "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."  The person filing any such documents shall inform the Clerk that all or designated portions thereof are subject to this Order and are to be kept under seal, except that upon the default of this filing party to so inform the Clerk, any party may do so.

17.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

18.     Producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order, including designating or not designating any information "Confidential" shall not:

(a)     operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

(b)     prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

(c)     prejudice in any way the rights of a party to seek a determination by this Court (i) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Order; or

(d)     prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

(e)     prejudice in any way the rights of a party to apply to this Court for a further protection relating to any information.

CH-3013897 v2

19.     Except as otherwise ordered by the Court, or to the extent such information was used as evidence at the trial, within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents designated as "Confidential" produced by a party, in the possession of any of the person qualified under Paragraphs 9(b) through (h) shall be returned to the producing party.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder and thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or, order of the Court with respect to dissolution or modification of such protective orders.

20.     The parties' obligations to preserve the confidentiality of Classified Information produced under this Order shall survive the final termination of this action.

21.     Any person or entity granted access to Classified Information hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order shall be subject to this Court's authority and jurisdiction, and to any relief the Court deems appropriate, including sanctions.  Nothing in this Order shall constitute, or be construed as, an agreement or order binding on any party or their attorneys that restricts any person in any way from reporting or investigating actual or suspected crimes, or from reporting or investigating suspected violations of the laws of the United States or of any individual State or other governmental unit or division.

22.     The following procedures shall apply to any disputes arising from the designation of discovery materials as Classified Information pursuant to this Consent Order:

        a.      If a party in good faith disagrees with another party's confidential designation, it shall inform counsel for the designating party of the objection, in writing, served by facsimile, hand delivery, or any other means otherwise agreed to, which shall describe the documents or information at issue and shall state the grounds for the objection.

        b.      Within five (5) business days of the service of any written objection, the objecting party and the designating party shall meet and confer in an effort to resolve any continuing dispute regarding the Classified Information at issue.

23.     In the event additional parties join or are joined in this Litigation, they shall not have access to Classified Information until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be bound by this Consent Order.

24.     The ultimate disposition of protected materials produced pursuant to this Order shall be subject to a final order of the Court upon completion of the litigation.

CH-3013897 v2

**IT IS SO ORDERED.**

Signed: June 18, 2010

David S. Cayer
United States Magistrate Judge

CH-3013897 v2

This Consent Protective Order is agreed to by the undersigned parties:

FOR AND WITH AUTHORITY OF PLAINTIFF

s/ Christopher C. Lam
Christopher C. Lam
K&L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
Telephone: 704-331-7449
Facsimile: 704-353-3149

Date: June 18, 2010


FOR AND WITH AUTHORITY OF DEFENDANTS

s/ Eric M.D. Zion
Eric M.D. Zion
Winston & Strawn LLP
214 N. Tryon Street
Charlotte, NC 28202
Telephone: 704-350-7700
Facsimile: 704-350-7800

Date: June 18, 2010


s/ Richard L. Robertson
Richard L. Robertson
Richard L. Robertson & Associates, P.A.
2730 East W.T. Harris Blvd., Suite 101
Charlotte, NC 28213-4108
Telephone: 704-597-5774
Facsimile: 704-599-5603

Date: June 18, 2010

CH-3013897 v2

Appendix A

## **<u>NONDISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I have been provided with a copy of the Consent Protective Order entered in the case styled *The Inspirational Network, Inc. v. TMH Telemedia Services Limited, et al.,* bearing civil action no. 3:10-CV-110, pending in the United States District Court for the Western District of North Carolina, which I have fully read and understand.

I hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the referenced Court for purposes of enforcing this Agreement.

I understand and acknowledge that the documents and information given confidential treatment under the Order shall be used by me only in testifying or assisting counsel in preparing and conducting the litigation of the above-referenced case and not for any business, personal or other purposes whatsoever.

I agree not to discuss, disclose, or otherwise reveal information subject to the Order to anyone, except persons who also are permitted access to the materials and information protected by the Order.

SIGNED: _____

NAME PRINTED: _____

DATED: _____

CH-3013897 v2