IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| THE INSPIRATIONAL NETWORK, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL NO. 3:10-CV-110-RJC-DSC |
| | ) | |
| TMH TELEMEDIA SERVICES LIMITED | ) | |
| AND TMH TELEMEDIA SERVICES, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**THIS MATTER** is before the Court following the withdrawal of counsel for Defendant TMH Telemedia Services, Ltd. See "Motion to Withdraw as Counsel" (document #26) and "Order" (document #27) (granting Motion to Withdraw).

Although Defendant TMH Telemedia Services, Ltd. gave its written consent for its counsel to withdraw, the Court warns Defendant that it must immediately retain substitute counsel. Indeed, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing complaint of pro se corporate plaintiff); Microsoft Corp. V. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d 547, 549 (2002) (same).[1]

---

[1] While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed

Accordingly, it is **ORDERED** that Defendant shall secure replacement counsel, who shall file an entry of appearance within fourteen (14) days of the date of this Order. In the event Defendant does not secure replacement counsel within this period of time, Plaintiff may submit a motion requesting appropriate relief based upon the failure of Defendant to be represented in this matter.

The Clerk is directed to send copies of this Order to the pro se Defendant (c/o Stuart Freeman, Chairman, TMH Telemedia Services, Ltd., 10 St. Peters Court, Colchester, Essex, CO1 1WD)and to counsel for the other parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.   Signed: November 18, 2010

David S. Cayer
United States Magistrate Judge

---

counsel"). See also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); and Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).