IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| THE INSPIRATIONAL NETWORK, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| ) | | |
| vs. ) | CIVIL NO. 3:10-CV-110-RJC-DSC | |
| ) | | |
| TMH TELEMEDIA SERVICES LIMITED ) | | |
| AND TMH TELEMEDIA SERVICES, ) | | |
| INC. ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## MEMORANDUM AND RECOMMENDATION
## AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion for Sanctions Against Defendant TMH Telemedia Services Limited" (document #32). Defendant TMH Telemedia Services Limited (hereafter "TMH UK") has not responded to Plaintiff's Motion and the time for filing a response has expired.

On November 17, 2010, the Court granted Defendant TMH UK's counsel's Motion to Withdraw. See "Order" (document #27). On November 18, 2010, the Court ordered the now pro se corporate Defendant to retain replacement counsel and warned that if it did not do so, it faced entry of default judgment. See "Order" 1-2 (document #28).

Specifically, the Court ordered:

> Defendant ... must immediately retain substitute counsel. Indeed, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d

> 547, 549 (2002) (same).
>
> While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"). See also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); and Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).
>
> Accordingly, it is **ORDERED** that Defendant shall secure replacement counsel, who shall file an entry of appearance within fourteen (14) days of the date of this Order. In the event Defendant does not secure replacement counsel within this period of time, Plaintiff may submit a motion requesting appropriate relief based upon the failure of Defendant to be represented in this matter.

Id. (emphasis in original).

The time period for Defendant TMH UK to retain new counsel expired December 6, 2010, and Defendant has not retained counsel.

On December 7, 2010, the Court granted Plaintiff's "Motion to Compel" (document #24) and ordered "Defendant TMH UK [to] serve supplemental written responses to each of Plaintiff's Discovery Requests and produce all of the documents requested by Plaintiff within 15 days of this Order." Document #31 at 2 (emphasis in original). The Court also warned Defendant TMH UK that:

> any failure to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, to respond to any of Plaintiff's other reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Defendant being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment.**

Id. (emphasis in original).

Despite this clear warning, Defendant has not served the required supplemental discovery

2

responses.

On January 5, 2011, Plaintiff filed its Motion for Sanctions, seeking entry of a default judgment against Defendant TMH UK as a sanction for its failure to comply with the Court's Orders. As stated above, Defendant has not responded to Plaintiff's Motion or the Court's Orders in any fashion or even contacted the Court to request additional time in which to respond.

Federal Rule of Civil Procedure 37(b) provides "[i]f a party . . . fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. [Such orders] may include . . . dismissing the action . . . in whole or in part.... [or] rendering a default judgment against the disobedient party" Fed. R. Civ. P. 37(b)(2)(A)(v and vi). See Mutual Federal Savings & Loan Association v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989) (where unresponsive party engaged in type of bad faith conduct which must be deterred and which had prejudiced opposing party, dismissal was appropriate). The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing discovery sanctions for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles, it is clear that entry of default judgment and dismissal of Defendant's Counterclaims are the appropriate sanctions for its failure to comply with the Court's Order compelling discovery responses. Despite the Court's specific warnings and the filing of a Motion for Sanctions, Defendant TMH UK persists in its bad faith refusal to respond fully to Plaintiff's discovery requests and thereby comply with this Court's Order, the Local Rules, and the Rules of Civil Procedure. See, e.g., Lynch v. Novant Medical Group, Inc., No. 3:08cv340-MR-

DSC, 2009 WL 2915039, *8 (W.D.N.C. Sept. 8, 2009) (adopting undersigned Magistrate Judge's recommendation that case be dismissed as sanction for pro se plaintiff's failure to comply with Order compelling discovery). As the undersigned concluded in recommending dismissal in Lynch, "[t]he Plaintiff gives no indication that any amount of remonstrance, warning, or lesser sanction, or even for that matter self interest, will be effective to dislodge her from the untenable position that she, rather than the Court, is the final authority governing her conduct in this litigation." See, e.g., Lynch v. Novant Medical Group, Inc., No. 3:08cv340-MR-DSC, 2009 WL 2105829, *4 (W.D.N.C. July 13, 2009).

Similarly, Defendant TMH UK's failure to comply with the Court's Order to retain counsel warrants entry of default judgment and dismissal of its Counterclaims. As discussed above,"[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland, 506 U.S. at 201-02. The Fourth Circuit has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel").

Accordingly, the undersigned respectfully recommends that Defendants' Motion for Sanctions be granted and that default judgement be entered against Defendant TMH UK and that its Counterclaims be dismissed with prejudice.

Plaintiff has submitted the "Affidavit of Wanda Jones" (document #34), one of Plaintiff's accountants, in support of its Motion. Ms. Jones attached 82 pages of spreadsheets to her Affidavit which establish that Defendant TMH UK is indebted to Plaintiff in the amount of $295,696.00 for television airtime TMH UK purchased on Plaintiff's network. Accordingly, Plaintiff is entitled to

4

a default judgment in that amount on its first claim for relief for breach of contract.

Moreover, Plaintiff is also entitled to a default judgment on its fourth claim for relief to recover its costs incurred, including its attorneys' fees, under N.C. Gen. Stat. § 6-21.2. Following an in camera review of Plaintiff's counsel's billing records, the Court concludes that the reasonable amount of attorneys' fees and costs that may be attributed to Defendant TMH UK's vexatious behavior is $50,752.54.

## ORDER

**IT IS ORDERED** that all further proceedings in this action concerning Defendant TMH Telemedia Services Limited, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Sanctions Against Defendant TMH Telemedia Services Limited" (document #32) be **GRANTED**; that is, that a **DEFAULT JUDGMENT** be **ENTERED** against Defendant TMH Telemedia Services Limited in the amount of $346,448.54, and that Defendant TMH Telemedia Services Limited's Counterclaims be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo

review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant (c/o Stuart Freeman, Chairman, TMH Telemedia Services, Ltd., 10 St. Peters Court, Colchester, Essex, CO1 1WD); to counsel for the other parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 1, 2011

David S. Cayer
United States Magistrate Judge