# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10CV110-RJC-DSC

| | |
|---|---|
| THE INSPIRATIONAL NETWORK, INC., | )<br>)|
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER** <br>) |
| TMH TELEMEDIA SERVICES LIMITED and TMH TELEMEDIA SERVICES, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel Defendant TMH Telemedia Services, Inc." (doc. 45) filed April 15, 2011, and the parties' associated briefs and exhibits. Docs. 46, 47, 48 and 51. This Motion has been referred to the undersigned pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

Relevant to the Motion to Compel, Plaintiff The Inspirational Network, Inc. ("Inspiration") operates various television networks airing programming in the United States and abroad. Defendants serve as agents for various ministries that seek to purchase air time on Inspiration's networks. Inspiration alleges that TMH Telemedia Services Limited ("TMH UK") breached its contract with Inspiration by failing to remit payments. Additionally, Inspiration alleges that TMH Telemedia Services, Inc. ("TMH US") is liable for TMH UK's breaches of contract as the alter ego of TMH UK. On July 23, 2010, the Honorable Robert J. Conrad, Jr. entered a Pretrial Order and Case Management Plan which required the completion of fact discovery by January 15, 2011.

On July 23, 2010, Inspiration served TMH US with its First Set of Interrogatories and Requests for Production of Documents. TMH US responded initially on August 23, 2010. Over the

next nine months of the case, including two extensions of the discovery deadline, the Court entering a default judgment against TMH UK, and TMH US's initial counsel withdrawing from the case, TMH US gradually addressed the deficiencies of its initial responses. Inspiration's Reply acknowledges that it "is satisfied that TMH US is finally conducting a diligent search of its email files and will eventually produce all responsive emails to Inspiration." Doc. 51 at 3. However, Inspiration contends that TMH US has still failed to produce the full range of responsive documents. Because of the looming discovery deadline, the mediation scheduled for June 7, 2011 and depositions that have been kept open to address any issues that arise from the production of the requested documents, Inspiration filed the subject Motion to Compel, seeking an order compelling TMH US to provide the long overdue responses and to pay monetary sanctions.

In its Response, TMH US states that since its new counsel made their appearances in the last week of January 2011, counsel for both parties have worked cooperatively to adjust discovery deadlines and TMH US has produced over 500 pages of discovery including its general ledgers for 2008, 2009 and 2010, showing in detail every financial transaction of the company. Doc. 47 at 3. Additionally, TMH US states that it is continuing to diligently search for additional documents responsive to the discovery requests and does not believe that an order is necessary. Id. at 6.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441

U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying those legal principles to this case, the Court concludes that Inspiration is entitled to the responsive documents sought in its First Set of Interrogatories and Requests for Production of Documents with regard to Interrogatory No. 4, and Document Request Nos. 1, 13, 15, and 22. The information Inspiration seeks is reasonably calculated to lead to the discovery of admissible evidence as to its breach of contract and alter ego claims. However, with regard to Document Request No. 43, the Court finds that this request is overly broad and without reasonable limitation in its scope. Therefore, the Court will narrow the disclosure to the list of search terms for use in an email search provided by Inspiration's counsel at Exhibit D of Inspiration's Memorandum in

Support of this Motion and any documents related to those emails. Doc. 46 at Ex. D.

While the Court recognizes that TMH US continues to be more responsive since the appearance of its new counsel in January 2011, the Court also recognizes that mediation is approaching and discovery must be completed. Therefore, the Court will grant Inspiration's Motion to Compel but recognizing that TMH US has not been warned previously of the likely consequences of its failure to perform its responsibilities as a litigant, the Court will withhold recommending the imposition of discovery sanctions pending TMH US's compliance with this Order.

Accordingly, the Court warns TMH US <u>and its counsel</u> that any failure to respond to Inspiration's First Set of Interrogatories and Request for Production of Documents, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Defendant and/or their counsel being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include dismissal of the Complaint with prejudice**.

**NOW THEREFORE, IT IS ORDERED**:

1. Inspiration.'s "Motion to Compel" (document #47) is **GRANTED IN PART** and **DENIED IN PART**, that is: <u>TMH US is **ORDERED** to serve complete responses to Inspiration's First Set of Interrogatories and First Request for Production of Documents on or before June 3, 2011 with the exception that Document Request No. 43 is narrowed in scope as detailed above.</u>

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: May 23, 2011

David S. Cayer
United States Magistrate Judge