# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-110-RJC-DSC

| | |
|---|---|
| THE INSPIRATIONAL NETWORK, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TMH TELEMEDIA SERVICES LIMITED )<br>and TMH TELEMEDIA SERVICES, INC., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff The Inspirational Network, Inc.'s ("Plaintiff") Motion for Sanctions against Defendant TMH Telemedia Services, Inc. ("Defendant"). (Doc. No. 64). Specifically, Plaintiff moves for default judgment against Defendant in the amount of $460,995.33. (Id. at 2).

## I.  BACKGROUND

Following the Court's entry of default judgment against Defendant's co-defendant, TMH Telemedia Services Limited ("TMH UK"), for its failure to secure replacement counsel or abide by discovery deadlines, (Doc. No. 42), Defendant is the sole remaining defendant. On October 18, 2011, the Magistrate Judge granted Defendant's counsel's Motion to Withdraw as Counsel, (Doc. No. 57). (Doc. No. 58). The Magistrate Judge gave Defendant until November 1, 2011 to secure new counsel. (Id.). Defendant has failed to obey this Court's order and has not retained substitute counsel. As of this morning, this case was set for trial on November 14, 2011.

"[A] corporation may appear in federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). In granting its counsel's motion to

withdraw, the Magistrate Judge warned Defendant that its failure to secure replacement counsel could result in the entry of default judgment. (Doc. No. 58 at 2, 2 n.1). This Court echoed that warning, stating:

> The Court will not hesitate to enter default judgment against Defendant for its failure to obey this Court's order, especially in light of its co-defendant's similar default, its release of its counsel so close to trial, and its president's mysterious statement to counsel that "I have been out of the country for the last three weeks. . . . [redacted] . . . and of course want you to withdraw as council. Thank you for all that you have undertaken." (Doc. No. 57-1); see also Allied Colloids, Inc. v. Jadair, Inc., No. 96-2078, 1998 WL 112719 (4th Cir. Mar. 16, 1998) (affirming court's default judgment against corporate defendant for failure to secure counsel).

(Doc. No. 60 at 2). Defendant has failed to heed this warning.

This same problem arose with Defendant's co-defendant, TMH UK. See (Doc. Nos. 36, 41, 42). The Magistrate Judge granted TMH UK's counsel's motion to withdraw, warning TMH UK that its failure to retain replacement counsel could result in the entry of default judgment. (Doc. No. 36 at 2, 2 n.2). TMH UK ignored these warnings, did not retain replacement counsel, and missed certain discovery deadlines. Plaintiff moved for the entry of default and the Court entered judgment against TMH UK. (Doc. Nos. 32, 42).

## II.     ANALYSIS

### A.     Default

"A district court need not tolerate defiance of reasonable orders." Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009). Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes a district court to enter default judgment against a party for disobeying a discovery order. Federal Rule of Civil Procedure 55(a) requires the clerk to enter default where a party fails to plead or otherwise defend. See also E.E.O.C. v. S.G.T. Cinelli's, Inc., No. 5:06-cv-305, 2008 WL 3539806, at *1 (E.D.N.C.

Aug. 12, 2008) (entering default judgment and equating defendant's failure to obey orders and retain new counsel with a failure to "otherwise defend"). Federal Rule of Civil Procedure 16(f) allows the Court to sanction parties for disobeying "a scheduling or other pretrial order." Courts also have inherent authority to enter default as a sanction in order to protect the dignity of the court and "achieve the orderly and expeditious disposition of cases." United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir. 2007); see also Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

In addition to violating this Court's order to retain new counsel, Defendant has disobeyed this Court's scheduling orders. The Court ordered both parties to confer and file various documents 14 and 7 days before trial. (Doc. No. 22 at 5-6). After Defendant's counsel withdrew, this Court granted Plaintiff's motion to push back these deadlines to November 7, 2011, one week before trial. (Doc. No. 60). Defendant has now flouted this order as well. "[A]mong the sanctions now authorized by Rule 16 are penalties for violation of discovery orders contained in Rule 37(b)(2)[(A)(ii)-(vii)], which include default." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).

Under Rule 37, district courts considering entering default as a sanction must first consider: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Anderson v. Foundation for Advancement, Educ. and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). The court must ordinarily forewarn the offending party of any intention to enter default judgment. Hathcock, 53 F.3d at 40-41.

The Court explicitly warned the Defendant it would "not hesitate to enter default

3

judgment against Defendant for its failure to obey this Court's order." (Doc. No. 60 at 2). The Magistrate has similarly warned Defendant. (Doc. No. 58 at 2, 2 n.1). Defendant even witnessed the Court enter default judgment against TMH UK for its similar failure to obey the Court's orders. (Doc. No. 42).

It appears that Defendant does not intend to defend this case. See (Doc. No. 57-1: Defendant's email to former counsel). The deadline for having new counsel make an appearance has passed. So too have the "meet and confer" deadlines. A jury is summonsed for trial beginning next Monday, and the defendant appears not to have taken a single step in preparation. Plaintiff and the Court should not be forced to expend resources in preparing for a trial that Defendant will not contest. This conduct apes that of Defendant's corporate affiliate, TMH UK, in January. (Doc. Nos. 35).

No other sanction is appropriate as this case is set for trial in less than one week. Defendant is a corporation without counsel and cannot defend this case pro se. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). Pursuant to Rule 37(b)(2)(A)(vi), the Court will enter default against Defendant for its failure to obey discovery orders, (Doc. Nos. 22; 60), and its disregard for the Court's orders to retain new counsel, (Doc. No. 58; 60).

B.  Judgment

Plaintiff alleged breaches of express and implied-in-fact contracts against Defendant. (Doc. No. 12 at 9-10). Plaintiff also alleged that Defendant would be liable for Plaintiff's costs and attorney's fees. (Id. at 10-11).

Plaintiff's breach of contract damages total $295,696. (Doc. No. 34 at 2). Plaintiff has provided the Court with an affidavit from its accountant, Wanda Jones. (Id.). Jones has compiled Plaintiff's accounts receivable data showing that TMH UK owed this amount. (Id.).

4

Plaintiff alleged that TMH UK and Defendant "operate and function as a single business enterprise where the common shareholders of [TMH UK and Defendant] exercise complete control and domination over [TMH UK and Defendant]." (Doc. No. 12 at 9). Therefore, the corporate veil should be pierced and Defendant shall be held jointly liable for this amount. See Glenn v. Wagner, 329 S.E.2d 326, 330 (N.C. 1985).

Plaintiff's litigation costs are allowable under N.C. GEN. STAT. §§ 6-20 and 7A-305(d). Plaintiff's attorney's fees provisions of its contracts are enforceable under N.C. GEN. STAT. § 6-21.2. See Stillwell Enters., Inc. v. Interstate Equipment Co., 266 S.E.2d 812, 817 (N.C. 1980) (holding attorney's fees provision of any contract "which evidences on its face a legally enforceable obligation to pay money" enforceable). Plaintiff's costs and reasonable attorney's fees in pursuing this case are $165,299.33. See (Doc. Nos. 65-1 at 3-4; 33-1; 33-2).

Plaintiff is entitled to a default judgment in the amount of $460,995.33.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Sanctions against Defendant, (Doc. No. 64), is

**GRANTED**;

2. The clerk shall enter default judgment in the amount of $460,995.33 against Defendant; and

3. The clerk shall enter final judgment in this case on a separate document against both Defendant and TMH UK in accordance with Federal Rule of Civil Procedure 58, see (Doc. No. 42).

Signed: November 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge